Ford v. County Commissioners.

WILLIAM H. FORD, petitioner for increase of damages,

*vs.*

THE COUNTY COMMISSIONERS OF LINCOLN COUNTY.

*Land damages for highway—how estimated.*

Damages for the soil and a structure thereon, taken for a highway, cannot be separately estimated, under R. S., c. 18, § 14, but the value, as it is when taken, is the proper subject of assessment.

The costs of the removal of the structure from land so taken, and the diminished value of the erection by reason of its removal, are to be considered in the estimation of damages.

Taking for a way land already used for that purpose takes all things existing upon it and adapted to its use as a way, such as flagstones, gravel, bridges, culverts, &c.; so that the appraisal, in such case, should be of the land with all these incidents of its condition.

ON EXCEPTIONS.

APPEAL by Mr. Ford from an award of the county commissioners in estimating the damages sustained by him in having certain land of his taken in the alteration of the course of a highway in Whitefield. The committee appointed to hear his petition concluded their report thus: "we award as damage sustained by the laying out of the road or way described in the warrant hereto annexed over and across the land and bridge of said William H. Ford, as follows: for the land taken we award the sum of fifty dollars damage; and for the bridge we award the sum of three hundred dollars, damage or compensation."

This report was accepted against the respondents' objections and exception was taken thereto.

*Gould & Moore* and *Wm. H. Hilton*, county attorney, for the respondents.

*J. M. Carleton* for the petitioner.

APPLETON, C. J. The committee appointed by the court, after a full hearing of the parties interested, awarded as damages sus-

tained by the laying out of the road or way in controversy over and across the land and bridge of the petitioner, as follows :

"For the land taken we award the sum of fifty dollars, damage.

For the bridge we award the sum of three hundred dollars, damage or compensation."

The committee, in their report, distinguish between the land taken and an erection thereon. But by R. S., c. 18, § 14, "the owners of lands taken are allowed one year after the proceedings are finally closed to take off timber, wood, or any erection thereon."

A bridge as such is not the subject of distinct appraisal. If it is .to be regarded as an erection upon the land, as such it is removable. Its appraisal therefore could neither give title to it nor transfer the right to its use.

The land taken could alone be properly appraised. But the land as it then existed, at the time of its taking, should so be appraised as to give the land owner full compensation for all damages sustained by the sequestration of his property for public uses. The damages should be in proportion to the injury. If an erection is to be removed and its removal can only be made at a great diminution of its value, the expenses of removal and the consequent diminution of value are to be considered in estimating damages. *Hyde* v. *Middlesex*, 2 Gray, 267 ; *Brown* v. *Worcester*, 13 Gray, 31. If the erection is of such a character as to become so incorporated with the land taken as to be regarded as the land taken, whatever is taken should be so appraised.

But "taking land for a way already used as such," observes Shaw, C. J., in *Central Bridge Corporation* v. *Lowell*, 15 Gray, 110, "takes all things placed, fixed or existing upon it, adapted to its use as a public way, such as gravel, stone or wood paving, planking, flagstones, bridges, culverts, guard or lamp posts, and all works erected on or connected with it for use, or rendering its use more safe and beneficial as a way." Where a previously existing private way is taken, the commissioners may well take into consideration the value of the existing way, with reference to the

costs of construction and state of repair. *Reed's petition*, 13 N. H., 384.

The appraisal should be made of the land taken, upon the principles here stated. The bridge should not be appraised separately.

*Exceptions sustained.*

CUTTING, DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.